UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
**SULEYMAN KUCUR**,

                Plaintiff,

       -against-                     **MEMORANDUM DECISION AND ORDER**

**FINANCIAL RECOVERY SERVICES, INC.**    19-CV-5453 (AMD) (VMS)
and **LVNV FUNDING, LLC**,

                Defendants.
------------------------------------------------------------ x

**ANN M. DONNELLY**, United States District Judge:

On September 25, 2019, the plaintiff brought this action on behalf of himself and others similarly situated, alleging that the defendants violated Sections 1692e and 1692g of the Fair Debt Collection Practices Act. (ECF No. 1.) The defendants move to dismiss the complaint pursuant to Rule 12(b)(6). (ECF No. 15.) For the reasons that follow, the defendants' motion is granted.

## BACKGROUND[1]

On September 25, 2018, the defendants sent the plaintiff a debt collection letter to collect an $825.06 debt. (ECF No. 1-1 at 1.) The letter opens with a validation notice which explains the plaintiff's right to dispute the validity of the debt within thirty days of receiving the letter. (*Id.*) The paragraph ends with the instruction that the payment options that follow "do not affect

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous.. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). In her complaint, the plaintiff relies on the letter that the defendants sent her and attaches it as an exhibit. Accordingly, I consider it in deciding this motion. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2003) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.") (citation omitted).

your rights in this paragraph." (*Id.*)  In the next section of the letter, the plaintiff is given three options for paying less than what she owed: one option for paying fifty percent of the balance, one for fifty-five percent and one for sixty percent.  (*Id.*)  Each option included the terms of the offer: payment must be made "within 35 days after receipt of th[e] letter[,]" and "[t]he account w[ould] be considered resolved in full . . . [u]pon receipt and clearance of the payment[.]" (*Id.*)

The plaintiff finds faults with various aspects of the letter.  First, she claims that the validation notice is "buried" in the body of a paragraph "in the same font size, style, color, and case as the rest of the text," and is "overshadowed" by the rest of the letter.  (*Id.* ¶¶ 132-134, 142.)  Next, she says that the settlement options "contradict" the validation notice—despite explicit language to the contrary—and might have caused her to forgo her right to dispute the validity of the debt.  (*Id.* ¶ 66.)  The plaintiff also characterizes the settlement options as confusing, maintaining that the least sophisticated consumer would not understand whether the settlement payment must be sent or received by the payment deadline, even though the letter says that the account would be resolved "[u]pon receipt and clearance of the payment." (*Id.* ¶¶ 44, 45.)  Finally, the plaintiff complains that the letter does not clearly designate an address to which she should send a written dispute of the debt (*id.* ¶ 89) because it lists three addresses—a Concord, California post office box in the upper left corner of the letter, a Minneapolis, Minnesota post office box in the upper right corner and on the "mail payment" coupons, and an Edina, Minnesota address for overnight payment (ECF No. 1-1 at 1).

The plaintiff brings this case on behalf of herself and others similarly situated and seeks damages against the defendants pursuant to 15 U.S.C. § 1692k and attorneys' fees and costs.  (*Id.* ¶ 187.)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). While the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* The court must construe a complaint liberally, "accepting all factual allegations . . . as true, and drawing all reasonable inferences in the plaintiff's favor." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

## DISCUSSION

"Congress enacted the FDCPA to protect against the abusive debt collection practices likely to disrupt a debtor's life." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (internal quotations and citation omitted). It prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and requires them to communicate certain information when attempting to collect a debt, including that the debtor has the right to dispute the debt, 15 U.S.C. § 1692g.

"[W]hether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (citation and internal quotation marks omitted). "The hypothetical

least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d. Cir. 2010). Courts must undertake "an objective analysis that seeks to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted).

As noted above, the plaintiff raises multiple challenges to the letter at issue here. None of those challenges have merit.

**I.      Settlement Deadline**

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A representation is deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). While the Court must view the letter "from the perspective of a debtor who is uninformed, naïve, or trusting," *Dewees v. Legal Servicing, LLC,*506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007), "even the least sophisticated consumer will read a debt collection letter in its entirety." *Weber v. Comput. Credit, Inc.*, 259 F.R.D. 33, 38 (E.D.N.Y. 2009).

To be actionable under the FDCPA, the statement must be "materially" misleading. *Bryan v. I.C. Sys., Inc.*, No. 15-CV-6984, 2017 WL 9485658, at *6 (E.D.N.Y. Aug. 28, 2017) ("[N]umerous district courts within this Circuit [have] read[] a materiality requirement into

§ 1692e.") (collecting cases). A statement is "material" if it "influence[s] a consumer's decision to pay a debt" or "impair[s] the consumer's ability to challenge the debt." *Kagan v. Selene Fin. L.P.*, 210 F. Supp. 3d 535, 548 (S.D.N.Y. 2016) (citations omitted).

In their letter to the plaintiff, the defendants offer three reduced payment options; after each, the letter specified that "[t]he account w[ould] be considered resolved in full . . . [u]pon receipt and clearance of the payment[.]" (ECF No. 1-1 at 1.) Courts have upheld letters containing substantially similar language under the FDCPA. *See, e.g.*, *Solovyova v. United Collection Bureau, Inc.*, No. 19-CV-2995, 2019 WL 7038429, at *2 (E.D.N.Y. Dec. 20, 2019); *see also Perdomo v. Firstsource Advantage LLC*, No. 19-CV-3546, 2019 WL 4085255, at *2 (E.D.N.Y. Aug. 28, 2019). In *Solovyova*, the Honorable Raymond J. Dearie concluded that the settlement deadline—"[u]pon the timely receipt of the entire agreed upon settlement amount and clearance of funds"—meant that the defendant had to receive the payment to resolve the account. *Solvoyova*, 2019 WL 7038429, at *2. In *Perdomo*, the Honorable Allyne R. Ross concluded that it did not matter whether the account would be resolved when Perdomo mailed the payment or when the defendant received it. *Perdomo*, 2019 WL 4085255, at *2. "To the extent the payment deadline provided in the letter is ambiguous, [the] plaintiff has not pointed to any reason why this ambiguity would be material." *Id.* at *2.

The letter at issue here provides that the account would be resolved "upon receipt and clearance of the payment." (ECF No. 1-1 at 1.) It is unnecessary to consider whether the least sophisticated consumer would ponder whether "upon receipt" really meant when mailed since the letter also specifies that the account would not be resolved until the payment cleared, which obviously could not happen until the payment was received. In any event, it does not matter. The difference between the possible dates—mailing or actual receipt—is a matter of days at

5

most, and certainly not enough to "mislead a putative-debtor as to the nature and legal status of the underlying debt," or "impede a consumer's ability to respond to or dispute collection[.]" *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013) (citation omitted). "An ambiguity that, in the worst-case scenario, would lead a consumer to mail her payment a few days earlier than necessary does not rise to the level of a materially misleading statement." *Perdomo*, 2019 WL 4085255, at *2. Accordingly, the plaintiff has failed to state a claim under the FDCPA.

## II. Verification Notice

Under the FDCPA, consumers have thirty days to dispute the validity of a debt after receiving written notice. *See* 15 U.S.C. § 1692g(a)(3). Any collection activities and communication during this thirty-day period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.* § 1692g(b).

A debt collection letter must convey the consumer's validation rights "clearly." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citation omitted). "A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights." *Id.* "[A] settlement offer contained in a debt collector's initial communication with a debtor does not, by itself, overshadow or contradict a validation notice in the same communication." *Santora v. Capio Partners, LLC*, 409 F. Supp. 3d 106, 109 (E.D.N.Y. 2017) (collecting cases).

The plaintiff's argument about the validation notice is utterly without merit. First, the notice is unambiguous: "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain

6

verification of the debt . . . and mail you a copy of such . . . verification." (ECF No. 1-1 at 1.) The notice is not "burie[d]," as the plaintiff alleges. (ECF No. 1 ¶ 141.) It is in the lead-off paragraph of the letter (ECF No. 1-1 at 1), and the least sophisticated consumer still must read the letter in its entirety. *See Greco*, 412 F.3d at 363 ("[E]ven the least sophisticated consumer can be presumed to possess . . . a willingness to read a collection notice with some care."); *see also Santoro*, 409 F. Supp. 3d at 109 (no overshadowing where the validation notice was on the back of the collection letter) (collecting cases).

Nor does the settlement offer "overshadow" the thirty-day validation notice period, or make it confusing. The letter specifies that the settlement offer expired within thirty-five days of receipt of the letter, and that the debt validation period ended thirty days after receipt of the letter. (ECF No. 1-1 at 1.) "[T]he least sophisticated consumer would be quite able to keep these two dates separate in his or her mind, and would not be confused about the right to dispute the debt explained in the validation notice." *Soffer v. Nationwide Recovery Sys., Inc.*, No. 06-CV-435, 2007 WL 1175073, at *6 (E.D.N.Y. Apr. 19, 2007). That is especially true here, since the letter provides that the settlement offers "do not affect" the plaintiff's verification rights. (ECF No. 1-1 at 1.) Accordingly, the plaintiff's claims of overshadowing are dismissed.

### III. Addresses

Finally, the letter is specific about the address to which the plaintiff should send disputes about the debt. The presence of multiple addresses on a debt collection letter does not render it misleading, *see, e.g.*, *Park v. Forster & Garbus, LLP*, No. 19-CV-3621, 2019 WL 5895703, at *6 (E.D.N.Y. Nov. 12, 2019), unless it is unclear which address a consumer should contact. *See Pinyuk v. CBE Group, Inc.*, No. 17-CV-5753, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019) ("The letter on its face contains three different addresses and it is unclear which one the

defendant is urging the consumer to contact."). A letter that explicitly misdirects consumers to send disputes to the wrong address is materially misleading. *Carbone v. Caliber Home Loans, Inc.*, No. 15-CV-4919, 2016 WL 8711197, at *4 (E.D.N.Y. Sep. 30, 2016) (letter directing consumers to contact the "above referenced address" was misleading because the address was "for return service only"). Still, the least sophisticated consumer is capable of "making basic, reasonable and logical deductions and inferences," *Dewees*, 506 F. Supp. 2d at 132 (citation omitted), and if she were to read this letter, she would know where to send payment.

The letter includes three addresses: a Concord, California post office box, an Edina, Minnesota address, and a Minneapolis, Minnesota post office box. (ECF No. 1-1 at 1.) The letter is also specific about the purpose of each address. The Concord, California address is labeled "return service requested." (*Id.*) The Edina, Minnesota address is marked for "payment by overnight delivery." (*Id.*) The Minneapolis, Minnesota address appears five times: once in the Financial Recovery Services letterhead, once in a "notice to all consumers" about where they should send complaints, criticism, and suggestions about the debt collection process, and three times on individual mail payment coupons which, needless to say, are for payments. (*Id.* at 1-2.) The only reasonable interpretation of the letter is that the plaintiff should send disputes where the letter instructs—to the Minneapolis address.

## CONCLUSION

The defendants' motion to dismiss is granted. The plaintiff's complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of the defendant and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: April 9, 2020
       Brooklyn, New York